IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-01540-WYD-BNB

TAYLOR MOVING, LLC, a Colorado limited liability company,

Plaintiff,

v.

MICHAEL VOIGT, an individual,
OPM ENTERPRISES, INC., d/b/a Pride Worldwide Moving & Storage, d/b/a Boulder Valley
Transfer, a Colorado corporation,
TAYLOR MOVING, INC., a Colorado corporation,
TAYLOR MOVING AND STORAGE, INC., a Colorado corporation, and
BOULDER VALLEY TRANSFER, INC.,

Defendants.

_____

**ORDER**
_____

This matter arises on **Plaintiff's Motion to Amend Verified Complaint to Include**

**Boulder Valley Transfer, Inc.** [Doc. # 35, filed 3/9/2012] (the "Motion to Amend"), which is

GRANTED.

The plaintiff seeks leave to amend its complaint to add a claim against Boulder Valley

Transfer, Inc. ("BVT"). BVT was identified in the initial Complaint as a trade name utilized by

OPM Enterprises. Verified Complaint [Doc. # 1] at ¶3. Subsequently, the defendants answered

and filed counterclaims. Answer and Counterclaims [Doc. # 15, filed 12/2/2011]. In the Answer

and Counterclaims, the defendants asserted that BVT "is not a legal company and is not D.O.T.

compliant." Id. at ¶26(b). This allegation notwithstanding, BVT asserted a counterclaim against

the plaintiff. Id. at p. 6. The plaintiff moved to dismiss BVT's counterclaim because BVT was

not a party to the action. Amended Motion to Dismiss [Doc. # 17].

A scheduling conference was held on January 17, 2012.  The Scheduling Order indicates

that Donald Janklow represented, among others, "OPM Enterprises, Inc. d/b/a Pride Worldwide

Moving & Storage d/b/a Boulder Valley Transfer. . . ."  Thus, defense counsel continued to

represent that BVT was a trade name for OPM Enterprises and not a legal entity.  Scheduling

Order [Doc. # 23] at p. 1.

New counsel entered its appearance on behalf of the defendants on January 31, 2012.

See Defendants' Response [Doc. # 26].  On February 24, 2012, defendants moved for an

extension of time, to and including March 5, 2012, to add parties and amend pleadings.

Defendants' Motion [Doc. # 28].  In particular, Defendants' Motion stated that "Defendants and

their counsel have been discussing whether or not to add Boulder Valley Transfer, Inc. as a party

to this case. . . ."  Id. at ¶ 2.  Defendants' Motion was granted.  Minute Order [Doc. # 30].  On

March 5, 2012, the defendants moved to join BVT as a counterclaimant and to amend their

counterclaims.  Defendants' Combined Motions [Doc. # 31].  For the first time, BVT was

identified as a Colorado corporation.  Id. at ¶1.  Defendants' Combined Motions were granted on

March 9, 2012.  Minute Order [Doc. # 34].  Also on March 9, the plaintiff moved to amend its

complaint to add BVT as a defendant.  Plaintiff's Motion to Amend [Doc. # 35] at p. 1.

The defendants oppose the Plaintiff's Motion to Amend as untimely, arguing that the

deadline to join parties and amend pleadings expired on March 5, 2012.  However, I find based

on the confusion about BVT's corporate status, which was compounded by the actions of

defendants' counsel, that good cause exists to extend that deadline through the filing of the

Plaintiff's Motion to Amend on March 9, 2012.  In addition, the plaintiff acted diligently to seek

leave to amend promptly after the corporate status of BVT was clarified.  In addition,

amendment of the complaint is appropriate under Rule 15, Fed. R. Civ. P., and the defendants do

not contend otherwise.

IT IS ORDERED:

(1)      Plaintiff's Motion to Amend [Doc. # 35] is GRANTED; and

(2)      The Clerk of the Court is directed to accept for filing the Verified Amended

Complaint [Doc. # 35-1].

Dated March 27, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge