IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-01540-WYD-BNB

TAYLOR MOVING, LLC, a Colorado limited liability company,

Plaintiff,

v.

MICHAEL VOIGT, an individual,
OPM ENTERPRISES, INC., d/b/a Pride Worldwide Moving & Storage, d/b/a Boulder Valley Transfer, a Colorado corporation,
TAYLOR MOVING, INC., a Colorado corporation,
TAYLOR MOVING AND STORAGE, INC., a Colorado corporation, and
BOULDER VALLEY TRANSFER, INC., a Colorado corporation,

Defendants.
_____

**ORDER**
_____

This matter arises on **Plaintiff's Motion to Compel Production of Documents Pursuant to Fed. R. Civ. P. 37** [Doc. # 45, filed 6/4/2012] (the "Motion to Compel"), which is GRANTED.

The Motion to Compel indicates that the defendants did not provide any documents pursuant to Rule 26(a)(1) as of the date it was filed. Subsequently, and after the Motion to Compel was filed, the defendants stated:

> After consultation with the Defendants, it has been determined that there are no documents which are available for use by the Defendants in defending against the claims brought by the Plaintiff except for the documents produced by the Plaintiff itself. . . .
>
> With respect to financial records to prove damages, Defendants have now served supplemental disclosures to the Plaintiff which include three pages of financial records. These are the only financial records available from the Defendants to prove any

> damages. All other proof at a trial of this case will be oral testimony and not documentary.

Response [Doc. # 52] at pp. 1-2.

The matter was muddied at the hearing on the Motion to Compel. Defendants' counsel argued that the "three pages of financial records" were recently created by the defendants' accountant from a working spreadsheet. The working spreadsheet, however, has been in existence for some time, and should previously have been provided to plaintiff's counsel pursuant to Rule 26(a)(1). The Motion to Compel is granted to require the disclosure, on or before July 13, 2012, of all documents required to be disclosed under Fed. R. Civ. P. 26(a)(1), including the working spreadsheet.

Rule 37(a)(5)(A), Fed. R. Civ. P., provides that "[i]f the motion [to compel] is granted-- or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party . . .whose conduct necessitated the motion, . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the movant failed to attempt in good faith to resolve the matter without judicial intervention, the nondisclosure was substantially justified, or an award of expenses would be unjust. Here, the "three pages of financial records" were not disclosed until after the Motion to Compel was filed. In addition, I am granting the Motion to Compel to require disclosure of the working spreadsheet. I find that the plaintiff attempted in good faith to resolve the dispute without judicial intervention; the defendants' nondisclosure is not substantially justified; and the award of expenses to the plaintiff in bringing the Motion to Compel, including attorney's fees, is not unjust. Consequently, I award the plaintiff its reasonable expenses incurred in making the Motion to Compel, including attorney's fees. The award is made against

the defendants, jointly and severally, and not against their lawyer.

IT IS ORDERED:

(1)     The Motion to Compel [Doc. # 45] is GRANTED.  The defendants shall disclose, on or before **July 13, 2012**, all documents required to be disclosed pursuant to Fed. R. Civ. P. 26(a)(1); and

(2)     The plaintiff is awarded its reasonable expenses incurred in making the Motion to Compel, including attorney's fees.  To facilitate the award of expenses, the plaintiff shall submit to the defendants', on or before **July 20, 2012**, a fee application which complies with the requirements of D.C.COLO.LCivR 54.3.  If the parties can agree on the amount of the award, they shall notify me of that fact on or before **July 31, 2012**.  If they cannot agree, the plaintiff shall file its fee application on **July 31, 2012**; the defendants shall respond on or before **August 13, 2012**; and the plaintiff shall reply on or before **August 20, 2012**.

Dated July 9, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge