IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-01540-WYD-BNB

TAYLOR MOVING, LLC, a Colorado limited liability company,

Plaintiff,

v.

MICHAEL VOIGT, an individual,
OPM ENTERPRISES, INC., d/b/a Pride Worldwide Moving & Storage, d/b/a Boulder Valley Transfer, a Colorado corporation,
TAYLOR MOVING, INC., a Colorado corporation,
TAYLOR MOVING AND STORAGE, INC., a Colorado corporation, and
BOULDER VALLEY TRANSFER, INC., a Colorado corporation,

Defendants.
_____

**ORDER**
_____

This matter arises on **Plaintiff's Application for Fees and Costs Incurred Regarding Its Motion to Compel Production of Documents Pursuant to Fed. R. Civ. P. 37** [Doc. # 55, filed 7/31/2012] (the "Motion for Fees"), which is GRANTED as specified.

By an Order [Doc. # 54] I granted the plaintiff's Motion to Compel, ruling:

> The matter was muddied at the hearing on the Motion to Compel. Defendants' counsel argued that the "three pages of financial records" were recently created by the defendants' accountant from a working spreadsheet. The working spreadsheet, however, has been in existence for some time, and should previously have been provided to plaintiff's counsel pursuant to Rule 26(a)(1).

Order [Doc. # 54] at p. 2. In addition, I found that the plaintiff was entitled to an award of its reasonable expenses in bringing the Motion to Compel, and I made the award against "the defendants, jointly and severally, and not against their lawyer." Order [Doc. # 54] at pp. 2-3.

To facilitate the award of reasonable expenses, I ordered:

> [T]he plaintiff shall submit to the defendants, on or before July 20, 2012, a fee application which complies with the requirements of D.C.COLO.LCivR54.3. If the parties can agree on the amount of the award, they shall notify me of that fact on or before July 31, 2012. If they cannot agree, the plaintiff shall file its fee application on July 31, 2012; and the plaintiff shall reply on or before August 20, 2012.

Order [Doc. # 54] at p. 3. No agreement could be reached, and the Motion for Fees was filed on July 31. The plaintiff seeks a total of $10,312.53 as its reasonable expenses, including attorney fees.

The defendants oppose the Motion for Fees arguing that it is "inflated, unreasonable and outrageously disproportionate to the 4 pages" which were ordered to be produced. Response [Doc. # 60] at p. 2. Specifically, the defendants argue that the Motion for Fees improperly seeks fees and costs in the amount of $4,630.29 incurred in connection with the deposition of Hieu Mattison; and requests payment for 7.8 hours expended in "preparing a simple motion to compel," which the plaintiff argues is unreasonable.

In calculating a reasonable attorney fee, I apply the lodestar principles stated in Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998). "The lodestar calculation is the product of the number of attorney hours reasonably expended and a reasonable hourly rate." Id. (internal quotations and citation omitted).

In addition, local rule of practice 54.3, D.C.COLO.LCivR, requires:

> **A. Motion Supported by Affidavit.** Unless otherwise ordered by the court, a motion for attorney fees shall be supported by one or more affidavits.
>
> **B. Content of Motion.** A motion shall include the following for each person for whom fees are claimed:

> 1. a detailed description of the services rendered, the amount of time spend, the hourly rate, and the total amount claimed; and
>
> 2. a summary of relevant qualifications and experience.

In its Motion for Fees, the plaintiff makes a claim for time billed by two lawyers--Jennifer Lorenz and Howard O. Bernstein--and one paralegal--Christine Melhorn.  However, contrary to the requirements of D.C.COLO.LCivR 54.3B(2), there is no summary of the qualifications or experience of Mr. Bernstein or Ms. Melhorn.  Consequently, I will not include their time in any award.

I agree with arguments made by the defendants that certain time claimed was not reasonably and necessarily expended in connection with prosecuting the plaintiff's Motion to Compel.  Thus, for example, I will not require the defendants to pay for fees incurred by the plaintiff in client relations; the rescheduling of the hearing on the Motion to Compel; and reviewing depositions.

The Supreme Court has instructed in connection with the determination of attorney fee awards:

> [T]rial courts need not, and indeed should not, become green eye-shade accountants.  The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection.  So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.

Fox v. Vice, 131 S. Ct. 2205, 2216 (2011).

My review of the Motion for Fees and supporting materials discloses that 14.2 hours were necessarily and reasonably billed by Ms. Lorenz in connection with preparing the Motion to Compel, arguing the Motion to Compel, and preparing the Motion for Fees.  In addition, I find that Ms. Lorenz' hourly rate of $250.00 is reasonable.  Praseuth v. Rubbermaid, Inc., 406 F.3d

1245, 1259 (10th Cir. 2005)(approving the district court's determination of a reasonable hourly rate by "relying on its knowledge of rates of lawyers with comparable skill and experience" practicing in the applicable community).

Multiplying the hours necessarily and reasonably expended by the reasonable hourly rate results in the following calculation:

$$14.2 \text{ hrs.} \times \$250.00/\text{hr.} = \$3,550.00.$$

In addition, the plaintiff has produced evidence of travel and parking costs incurred in connection with the Motion to Compel of $32.24. I do not agree that the costs of deposition transcripts were reasonably and necessarily incurred in connection with the Motion to Compel, and I will not award them.

The reasonable expenses, including attorney fees, incurred by the plaintiff in connection with the Motion to Compel are $3,582.24.

IT IS ORDERED:

(1)     The Motion for Fees [Doc. # 55] is GRANTED as specified, and the plaintiff is awarded its reasonable expenses, including attorney fees, incurred in connection with the Motion to Compel in the amount of $3,582.24. The award is made against the defendants, jointly and severally, and not against their lawyer; and

(2)     The defendants shall pay the award in full on or before **October 5, 2012**.

Dated September 17, 2012.

                                              BY THE COURT:

                                              /s/ Boyd N. Boland
                                              United States Magistrate Judge