IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 11-cv-01540-WYD-BNB

TAYLOR MOVING, LLC, a Colorado limited liability company,

    Plaintiff,

v.

MICHAEL VOIGT, an individual;
OPM ENTERPRISES, INC., d/b/a Pride Worldwide Moving & Storage, d/b/a Boulder Valley Transfer, a Colorado corporation;
TAYLOR MOVING, INC., a Colorado corporation;
TAYLOR MOVING AND STORAGE, INC., a Colorado corporation; and,
BOULDER VALLEY TRANSFER, INC., a Colorado corporation,

    Defendants.

_____

**ORDER**
_____

THIS MATTER is before the Court on Taylor Moving, LLC's, motion for alternative dispute resolution [ECF No. 93], filed on November 5, 2012.

In its motion, Taylor Moving requests this Court to order the parties to submit to alternative dispute resolution with Magistrate Judge Boland. Taylor Moving states that per D.C.Colo.LCivR. 7.1(A)[1], it conferred with defendants' counsel and the "[d]efendants do not object to the relief sought in this Motion." ECF No. 93, p. 1. However, in paragraph nine, Taylor Moving states that, "[d]efendants decline to attend alternative

---

[1] Pursuant to D.C.Colo.LCivR. 7.1(A):

> The court will not consider any motion, other than a motion under FED. R. CIV. P. 12 or 56, unless counsel for the moving party or a *pro se* party, before filing its motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule. This Section A. shall not apply to cases involving *pro se* prisoners.

- 2 -

dispute resolution until they receive a ruling on their Motion for Summary Judgment." ECF No. 93, p. 2, ¶ 9.  Because Taylor Moving's allegations regarding whether the defendants consent to alternative dispute resolution conflict with each other, and because the defendants have not responded to Taylor Moving's motion, I defer ruling on the motion at this time.  Accordingly, it is

ORDERED that the defendants shall file a substantive response to Taylor Moving's motion for alternative dispute resolution [ECF No. 93] stating their position on the use of alternative dispute resolution **on or before Friday**, **November 30, 2012**.  It is

FURTHERED ORDERED that a ruling on Taylor Moving's motion for alternative dispute resolution [ECF No. 93] is **DEFERRED** until I receive the defendants' response to said motion.

Dated:  November 21, 2012.

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief U. S. District Judge