IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-01540-WYD-BNB

TAYLOR MOVING, LLC, a Colorado limited liability company,

Plaintiff,

v.

MICHAEL VOIGT, an individual,
OPM ENTERPRISES, INC., d/b/a Pride Worldwide Moving & Storage, d/b/a Boulder Valley Transfer, a Colorado corporation,
TAYLOR MOVING, INC., a Colorado corporation,
TAYLOR MOVING AND STORAGE, INC., a Colorado corporation, and
BOULDER VALLEY TRANSFER, INC., a Colorado corporation,

Defendants.
_____

**ORDER**
_____

This matter arises on **Defendants' Motion to Reopen Discovery for Subpoenas** [Doc. # 90, filed 11/2/2012] (the "Motion to Reopen"), which is DENIED.

The case was commenced by the filing of a Verified Complaint [Doc. # 1] on June 13, 2011. I entered a Scheduling Order [Doc. # 23] on January 17, 2012. Pursuant to the Scheduling Order, the parties were allowed six months, until July 17, 2012, within which to conduct pretrial discovery. Id. at p. 8.

A pretrial conference occurred on October 17, 2012, and a Final Pretrial Order [Doc. # 82] was entered. The parties listed their exhibits at Part 7 of the Final Pretrial Order. The defendants listed a single, three page exhibit. Id. at p. 20. At Part 12, the Final Pretrial Order recites that it "may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice." Id. at p. 21; accord Fed. R. Civ. P. 16(e)

(providing that a final pretrial order may be modified "only to prevent manifest injustice"). However, the Final Pretrial Order also provides that the defendants "will seek leave to subpoena records from the Department of Transportation and from Avis Budget Group and add them to the exhibits for trial." Final Pretrial Order [Doc. # 82] at p. 21.

In Smith v. United States, 834 F.2d 166, 169 (10th Cir. 1987), the circuit court ruled:

> Whether to extend or reopen discovery is committed to the sound discretion of the trial court and its decision will not be overturned on appeal absent abuse of that discretion. Appellate decisions have identified several relevant factors in reviewing decisions concerning whether discovery should be reopened, including: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

Accord Santana v. City and County of Denver, 488 F.3d 860, 867 (10th Cir. 2007) (noting no abuse of discretion occurs when additional discovery is denied if there was "adequate time for discovery and the requesting party had not made a timely request," citing with approval Worm v. American Cyanamid Co., 5 F.3d 744, 749 (4th Cir. 1993)).

The defendants claim that they need the requested discovery for the following purposes:

> Plaintiff has brought state law claims for defamation in which it claims that its reputation as a business has been harmed by statements made by one or more of the Defendants. In its pleadings and proof, Plaintiff will put in evidence of its good reputation in the community. Contrary to this evidence, Plaintiff has engaged in moving activities interstate without the proper license or authority to engage in interstate commerce. To do so, the have utilized rental trucks procured from Avis Budget Group. Plaintiff has been investigated and sanctioned for this illegal practice by the USDOT. Defendants are entitled to show contrary evidence of poor reputation to counteract the claim of

2

>  disparagement or defamation and to minimize the claimed
>  damages.

Reply [Doc. # 97] at pp. 1-2.

I find that although the trial is scheduled to begin in mid-August 2013 and is not imminent, each of the other factors enumerated in Smith points heavily against reopening discovery. The discovery is directed to the issues of the plaintiffs reputation in the business community and its damages--matters that have been in the case since its inception in June 2011. See Verified Complaint [Doc. # 1] at p. 21 (Second Claim for Relief--Defamation). Consequently, I find disingenuous the defendants' assertion that the need for the additional discovery was not known until "after discovery ha[d] closed" and that it was "not anticipated until the preparation of the exhibit lists before the Pretrial Conference." Reply [Doc. # 97] at p. 2. See Colorado Visionary Academy v. Medtronic, Inc., 194 F.R.D. 684, 687 (D. Colo. 2000) (holding that "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief"). The defendants had six months within which to serve the subpoenas now requested but took no steps to do so, evidencing a total lack of diligence in their discovery efforts.

The plaintiff, which conducted its discovery as required under the Scheduling Order and within the time allowed, would be prejudiced if the defendants are allowed to reopen discovery after the final pretrial conference. The plaintiff would have no opportunity to conduct any additional discovery it may require in response to the information gathered delinquently by the defendants.

The defendants essentially ignored the deadlines established in the Scheduling Order and, at the last minute and after the entry of a final pretrial order, sought leave to conduct the

discovery they should have done earlier. This is no basis for reopening discovery or amending the final pretrial order to allow the defendants to add exhibits.

IT IS ORDERED that the Motion to Reopen [Doc. # 90] is DENIED.

Dated February 4, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge