IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 11-cv-01540-WYD-BNB

TAYLOR MOVING, LLC, a Colorado limited liability company,

    Plaintiff,

v.

MICHAEL VOIGT, an individual;
OPM ENTERPRISES, INC., d/b/a Pride Worldwide Moving & Storage, d/b/a Boulder
    Valley Transfer, a Colorado corporation;
TAYLOR MOVING, INC., a Colorado corporation;
TAYLOR MOVING AND STORAGE, INC., a Colorado corporation; and,
BOULDER VALLEY TRANSFER, INC., a Colorado corporation,

    Defendants.
_____

**ORDER**
_____

THIS MATTER is before the Court on Michael Voigt, OPM Enterprises, Inc., Taylor Moving, Inc., Taylor Moving and Storage, Inc., and Boulder Valley Transfer, Inc.'s (collectively "the Defendants"): (1) Motion For Reconsideration And Objection To Ruling Of Magistrate Judge [ECF No. 84]; and, (2) Motion For Reconsideration And Objection To Ruling Of Magistrate Judge [ECF No. 99]. While the motions are styled in part as "Motions for Reconsideration," the substance of each motion is an objection to a ruling by Magistrate Judge Boland. As such, I will treat each motion as an objection to a Magistrate Judge's ruling. For the reasons stated below, the Defendants' objections are OVERRULED.

## BACKGROUND

On September 17, 2012, Magistrate Judge Boland issued an order [ECF No. 71] granting plaintiff, Taylor Moving, LLC's ("Taylor Moving"), Application For Fees And Cost Incurred Regarding Its Motion To Compel Production Of Documents Pursuant To Fed. R. Civ. P. 37 [ECF No. 55]. Magistrate Judge Boland awarded Taylor Moving $3,582.24 in reasonable expenses and attorney fees. The Defendants, jointly and severally liable for the award, were ordered to pay the amount in full on or before October 5, 2012. ECF No. 71, p. 4. On October 5, 2012, the Defendants filed a Motion For Extension Of Time To Pay Attorney Fees And Costs In Connection With Plaintiff's Motion To Compel [ECF No. 76]. In their motion, the Defendants requested a 45 day extension to pay the $3,582.24 award, citing a current inability to pay as justification for the extension. At the October 17, 2012, Status Conference and Motions Hearing, Magistrate Judge Boland denied the Defendants' motion and ordered that payment "be made on or before October 19, 2012." ECF No. 80, p. 2. On October 22, 2012, the Defendants filed a Motion For Reconsideration And Objection To Ruling Of Magistrate Judge [ECF No. 84], arguing that Magistrate Judge Boland's denial of their motion is clearly erroneous and arbitrary and capricious.

On November 2, 2012, the Defendants filed a Motion To Reopen Discovery For Subpoenas [ECF No. 90], requesting that the Court reopen discovery in order for the Defendants to serve subpoenas on the United States Department of Transportation ("USDOT") and Avis Budget Group ("Avis"). On February 4, 2013, Magistrate Judge Boland denied the motion. ECF No. 98. On February 14, 2013, the Defendants filed a Motion For Reconsideration And Objection to Ruling Of Magistrate Judge [ECF No. 99],

arguing that Magistrate Judge Boland's denial of their Motion To Reopen Discovery For Subpoenas [ECF No. 90] is clearly erroneous.

## ANALYSIS

### A. Legal Standard for an Objection to a Magistrate Judge's Order

District courts review Magistrate Judges' Orders regarding non-dispositive motions under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Rule 72(a) of the FEDERAL RULES of CIVIL PROCEDURE. Under this standard of review, a Magistrate Judge's finding should not be rejected merely because the Court would have decided the matter differently. *See Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985). A district court must affirm a Magistrate Judge's decision unless "'on the entire evidence[, the district court] is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U. S. Gypsum Co.,* 333 U.S. 364, 395 (1948)).

#### 1. Defendants' Motion For Reconsideration And Objection To Ruling Of Magistrate Judge [ECF No. 84]

The Defendants argue that Magistrate Judge Boland's denial of their Motion For Extension Of Time To Pay Attorney Fees And Costs In Connection With Plaintiff's Motion To Compel [ECF No. 76] is clearly erroneous and arbitrary and capricious. In their motion, the Defendants requested a 45 day extension to pay Taylor Moving the $3,582.24 award. Magistrate Judge Boland denied the motion stating that the Defendants failed to present any evidence of their alleged current inability to pay the award. The Defendants argue that Magistrate Judge Boland's denial of their motion is clearly erroneous and arbitrary and capricious because: (1) Magistrate Judge Boland

ruled on the motion during the October 17, 2012, Status Conference and Motions Hearing without prior notice to the parties; and, (2) the Defendants were not on notice that Magistrate Judge Boland wanted an affidavit filed in support of their motion.

Magistrate Judge Boland did take up the Defendants' motion during the October 17, 2012, Status Conference and Motions Hearing without prior notice to the parties. However, that alone does not render his ruling clearly erroneous or contrary to law.  The motion was non-dispositive, filed almost two weeks prior to the Status Conference and Motions Hearing, and the Defendants should have been on notice that the Court may inquire as to the pending motion and request oral argument even though the Court did not give prior notice of such action.

In denying the Defendants' motion, Magistrate Judge Boland commented that the Defendants failed to present any evidence, including an affidavit, demonstrating their current inability to pay the $3,582.24 award.  The Defendants argue that had they known Magistrate Judge Boland would take up the motion during the Status Conference and Motions Hearing, they would have presented affidavits and supporting evidence showing their current inability to pay.  However, Defendants' counsel did not state such at the Status Conference and Motions Hearing.  When Magistrate Judge Boland inquired about the motion, Defendants' counsel stated that had he known Magistrate Judge Boland would take up the motion that day, he would have brought email correspondences between himself and opposing counsel stating that opposing counsel objected to an extension to pay the $3,582.24 award.  Defendants' counsel did not mention that he would have brought affidavits and other evidence of the Defendants' inability to pay the award.  Defendants' counsel was also unable to answer whether the

Defendants had made monetary disbursements to other persons within 30 days of the hearing.  Further, the Defendants' motion does little, if anything, to explain why they cannot currently pay the award:  "[t]he Defendants do not have the money as of this date and need an extension of time to raise the money." ECF No. 76, p. 2, ¶ 4.

Magistrate Judge Boland was not required to direct the Defendants to file an affidavit detailing their financial circumstances and current inability to pay the $3,582.24 award, and I find that his decision to take up the Defendants' motion without prior notice to the parties was not clearly erroneous or contrary to law.  Therefore, the Defendants' objection is OVERRULED.

### 2. Defendants' Motion For Reconsideration And Objection To Ruling Of Magistrate Judge [ECF No. 99]

The Defendants argue that Magistrate Judge Boland's denial of their Motion To Reopen Discovery For Subpoenas [ECF No. 90] is clearly erroneous.  In their motion, the Defendants sought leave of the Court to reopen discovery in order to subpoena records from the USDOT and Avis.  After reviewing the factors announced in *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987), regarding whether to extend or reopen discovery, Magistrate Judge Boland denied the Defendants' motion.

"Whether to extend or reopen discovery is committed to the sound discretion of the trial court and its decision will not be overturned on appeal absent abuse of that discretion." *Smith*, 834 F.2d at 170.  In *Smith*, the United States Court of Appeals for the Tenth Circuit listed factors that a court must review when determining whether to reopen discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in

> obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Id.* Magistrate Judge Boland stated that the factors in *Smith* weighed heavily against reopening discovery. I agree.

At the time Magistrate Judge Boland issued his order on the Defendants' motion, trial was six months away. Magistrate Judge Boland correctly stated that Taylor Moving would be prejudiced if the Defendants received additional discovery because Taylor Moving would have no opportunity to conduct discovery as it relates to the new information and evidence obtained by the Defendants. Magistrate Judge Boland further commented that the requested "discovery is directed to the issues of plaintiff's reputation in the business community and its damages – matters that have been in the case since its inception in June 2011." *Id.* Magistrate Judge Boland stated that the Defendants had six months to serve subpoenas on the USDOT and Avis and failed to do so, "evidencing a total lack of diligence in their discovery efforts." *Id.* Magistrate Judge also stated that he found "disingenuous the defendants' assertion that the need for additional discovery was not known until 'after discovery ha[d] closed' and that it was 'not anticipated until the preparation of the exhibit lists before the Pretrial Conference.'" ECF No. 98, p. 3, ¶ 2. I add that denial of the Defendants' motion does not preclude trial testimony from the USDOT and Avis, it only precludes the Defendants' receipt of alleged documentary evidence from the USDOT and Avis sought by a subpoena. Thus, the Defendants may still elicit testimony at trial from the USDOT and Avis, within the scope of the FEDERAL RULES of EVIDENCE, that bears on any relevant issue.

- 7 -

I find that Magistrate Judge Boland's denial of the Defendants' motion was not clearly erroneous or contrary to law. Therefore, the Defendants' objection is OVERRULED.

## CONCLUSION

After careful consideration of the matters before this Court, it is

ORDERED that the Defendants' Motion For Reconsideration And Objection To Ruling of Magistrate Judge [ECF No. 84] is **OVERRULED**. It is

FURTHER ORDERED that the Defendants' Motion For Reconsideration And Objection to Ruling Of Magistrate Judge [ECF No. 99] is **OVERRULED**. It is

FURTHER ORDERED that the Defendants shall pay in full the $3,582.24 award to Taylor Moving, LLC, **on or before Tuesday**, **May 28, 2013**.

Dated: May 15, 2013.

BY THE COURT:

/s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior U. S. District Judge