IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 11-cv-01540-WYD-BNB

TAYLOR MOVING, LLC, a Colorado limited liability company,

    Plaintiff,

v.

MICHAEL VOIGT, an individual;
OPM ENTERPRISES, INC., d/b/a Pride Worldwide Moving & Storage, d/b/a Boulder Valley Transfer, a Colorado corporation;
TAYLOR MOVING, INC., a Colorado corporation;
TAYLOR MOVING AND STORAGE, INC., a Colorado corporation; and,
BOULDER VALLEY TRANSFER, INC., a Colorado corporation,

    Defendants.

_____

**ORDER**
_____

THIS MATTER is before the Court on the Defendants' Motion For Summary Judgment [ECF No. 102]. For the reasons stated below, the motion is DENIED.

**BACKGROUND**

On March 27, 2012, Taylor Moving, LLC ("Taylor Moving") filed a Verified Amended Complaint [ECF No. 41] against defendants, Michael Voigt, OPM Enterprises, Inc., Taylor Moving, Inc., and Taylor Moving and Storage, Inc. ("the Defendants"), requesting a preliminary injunction and alleging the following claims: (1) a violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961, *et seq.*; (2) libel; (3) trade libel; (4) unfair competition; and, (5) intentional interference with prospective contractual relations.

Plaintiff, Taylor Moving, is a "full service moving and storage company that performs both local and national moves" with its principal place of business in Boulder, Colorado. ECF No. 41, p. 3, ¶ 12.  Glen and Leah Taylor created the company in September of 1998.  Defendant, Michael Voigt, owns several moving companies:  (1) The Right Move; (2) OPM Enterprises, Inc. d/b/a Pride Worldwide Moving d/b/a Boulder Valley Transfer; (3) Taylor Moving, Inc.; and, (4) Taylor Moving and Storage, Inc.

This suit arises out of Voigt's alleged scheme to enter the moving and storage business in Boulder, Colorado, and take over the market.  Between 2007 and 2008, Voigt approached numerous persons engaged in the moving and storage business in Boulder and either acquired their business or attempted to acquire their business.  The persons Voigt approached are:  (1) William Joyce, owner of Joyce Van Lines, Inc. and several other moving companies; (2) Chris Klatt, previous owner of Boulder Valley Transfer; (3) Mr. Taylor, co-owner of Taylor Moving; and, (4) David Maloney, owner of the Moving Connection, Inc.  Voigt purchased The Right Move from Joyce and purchased Boulder Valley Transfer from Klatt.  Neither Mr. Taylor nor Maloney was interested in selling their company to Voigt.

Taylor Moving alleges that when Mr. Taylor informed Voigt that he would not sell Taylor Moving, Voigt resorted to threats to coerce a sale or merger.  Voigt allegedly stated that he was experienced in entering markets and buying out as many competitors as possible.  Taylor Moving alleges Voigt approached Mr. Taylor a second time regarding a potential sale or merger.  Mr. Taylor declined again.  After Mr. Taylor declined the second time, Voigt allegedly responded that if Mr. Taylor would not sell Taylor Moving, Voigt would:  (1) conduct a moving business under the Taylor Moving

name; (2) provide poor service to customers; and, (3) mislead customers into believing the real Taylor Moving provided sub-standard service, all in an effort to damage Taylor Moving's reputation.  Voigt created and incorporated Taylor Moving and Storage, Inc., on October 15, 2008, and created and incorporated Taylor Moving, Inc. on October 22, 2008.  Voigt subsequently created and placed an advertisement for Taylor Moving, Inc. in the 2011-2012 Verizon Superpages phone book for Boulder on the page immediately following Taylor Moving's advertisement.  The similarity between the two advertisements prompted the *Boulder Daily Camera* to publish an article about the advertisements entitled "Boulder's Taylor Moving companies battle over business identity."  Taylor Moving alleges that such behavior is not limited to Voigt's interactions with Mr. Taylor, and is indicative of Voigt's dealings with all the other business owners he approached in Boulder.

Taylor Moving filed its original Complaint [ECF No. 1] on June 13, 2011, and filed its Verified Amended Complaint [ECF No. 41] on March 27, 2012.  Taylor Moving alleges that the Defendants have:  (1) "diverted business from Taylor Moving and damaged Taylor Moving's name and reputation by intentionally providing poor services under the Taylor Moving name;" (2) "diminished Taylor Moving's intellectual property by replicating Taylor Moving's signature green moving trucks and copying Taylor Moving's name and advertisements;" and, (3) "published false and misleading statements [] regarding Taylor Moving's business and reputation." ECF No. 41, p. 19, ¶¶ 143-45.  On March 25, 2013, the Defendants filed a Motion For Summary Judgment [ECF No. 102] arguing that they are entitled to summary judgment on Taylor Moving's RICO claim because Taylor Moving cannot establish a pattern of racketeering activity.

On Wednesday, June 5, 2013, I held a Motions Hearing regarding the Defendants' Motion For Summary Judgment [ECF No. 102]. The parties presented arguments and I took the motion under advisement.

## ANALYSIS

### A. Legal Standard for a Motion for Summary Judgment

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); see *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, [the court must] 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (citation omitted). "A fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit." *Horizon/CMS Healthcare*, 220 F.3d at 1190. "A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented." *Id.*

"The burden of showing that no genuine issue of material fact exists is borne by the moving party." *Horizon/CMS Healthcare*, 220 F.3d at 1190. "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Atl. Richfield Co.*, 226 F.3d at 1148 (quotation omitted). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Sw. Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

**B. Taylor Moving's RICO Claim**

The Defendants argue that they are entitled to summary judgment on Taylor Moving's RICO claim because Taylor Moving cannot establish a pattern of racketeering activity.

The RICO statute states, in pertinent part:

> (a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a ***pattern of racketeering activity*** or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code [18 USCS § 2], to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce . . .
>
> (b) It shall be unlawful for any person through a ***pattern of racketeering activity*** or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.
>
> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a ***pattern of racketeering activity*** or collection of unlawful debt . . .

18 U.S.C. § 1962(a) – (c) (emphasis added).  Taylor Moving alleges that the Defendants violated all of the above stated RICO provisions.  Each provision requires a showing that the defendant engaged in a "pattern of racketeering activity."  A "'pattern of racketeering activity' requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of

racketeering activity . . . " 18 U.S.C. § 1961(5). "A pattern is not formed by 'sporadic activity' . . . " *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989) (quoting S. Rep. No. 91-617, p. 158 (1969)). "To establish a RICO pattern it must also be shown that the predicates themselves amount to, or that they otherwise constitute a threat of, *continuing* racketeering activity . . . " *Id.* at 240. "RICO's legislative history reveals Congress' intent that to prove a pattern of racketeering activity a plaintiff or prosecutor must show that the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *Id.* at 239.

Taylor Moving states that extortion is the alleged racketeering activity it relies on to establish a pattern of racketeering activity. 18 U.S.C. § 1961(1) states the offenses that constitute racketeering activity and separates those offenses into two sections. § 1961(1)(A) states that racketeering activity includes:

> [A]ny act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, **extortion**, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act [21 USCS § 802]), ***which is chargeable under State law and punishable by imprisonment for more than one year*** . . .

18 U.S.C. § 1961(1)(A) (emphasis added). Thus, extortion under Colorado state law qualifies as an offense that may be used to show a pattern of racketeering activity. § 1961(1)(B) states that racketeering activity also includes "any act which is indictable under any of the following provisions of title 18, United States Code . . . " Extortion under 18 U.S.C. § 1951 is one such offense that constitutes racketeering activity. Therefore, extortion under 18 U.S.C. § 1951 may also be used to establish a pattern of racketeering activity.

During the June 5, 2013, Motions Hearing, Taylor Moving stated that it bases its RICO claim on extortion under 18 U.S.C. § 1951.  Thus, I will proceed by analyzing whether Taylor Moving has established a pattern of racketeering activity via extortion under 18 U.S.C. § 1951.

### 1. Extortion Under 18 U.S.C. § 1951

Pursuant to 18 U.S.C. § 1951(a):

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

Extortion is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, fear, or under color of official right." 18 U.S.C. § 1951(b)(2).  At the June 5, 2013, Motions Hearing, Taylor Moving stated that at the very least, the Defendants engaged in three separate acts of attempted extortion.[1]  The three alleged acts of attempted extortion that Taylor Moving relies on are Voigt's business dealings with:  (1) Chris Klatt, previous owner of Boulder Valley Transfer; (2) Mr. Taylor, co-owner of Taylor Moving, LLC and David Maloney, owner of The Moving Connection, Inc.; and, (3) Christian W. Roker, owner of Pride Moving and Storage of Colorado, Inc. d/b/a Hill Moving.  In order to establish a pattern of racketeering activity, there must be at least two instances of the predicate act upon which the RICO claim is based *i.e.*, attempted extortion.  Upon review of the parties'

---

[1] Attempted extortion constitutes racketeering activity under this statute because the statute criminalizes both attempted extortion and conspiracy to commit extortion. *See* 18 U.S.C. § 1951(a) (emphasis added) ("Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion ***or attempts or conspires so to do*** . . . ").

filings and their arguments in open court, I find that genuine issues of material fact exist as to whether the Defendants' business dealings with Klatt, Taylor and Maloney, and Roker constitute two or more acts of attempted extortion.  Therefore, the Defendants are not entitled to summary judgment on Taylor Moving's RICO claim, and the Defendants' Motion For Summary Judgment [ECF No. 102] is **DENIED**.

## CONCLUSION

After careful consideration of the matter before this Court, it is

ORDERED that the Defendants' Motion For Summary Judgment [ECF No. 102] is **DENIED**.

Dated:  July 9, 2013.


                              BY THE COURT:

                              s/ Wiley Y. Daniel
                              Wiley Y. Daniel
                              Senior U. S. District Judge